# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  National Association of Music Merchants, Musical Instruments and Equipment Antitrust Litigation | MDL No. 2121<br><br>**ORDER APPOINTING LEAD-LIAISON COUNSEL** |

At the status conference held May 28, 2010, the Court identified the need to appoint interim lead counsel who would serve as liaison between the Court and Plaintiffs. The Court indicated it would defer to Plaintiffs' choice in the first instance, but if they were unable to reach a consensus about the appointment of such counsel, the Court would entertain applications for the position, to be submitted by June 23.

The Court received three applications: one from Girard Gibbs LLP (currently representing Plaintiff Joshua Ramsey in case number 09cv2211, *Ramsey*, et al. *v. National Association of Music Merchants, Inc.*, et al.); a second from Robbins Geller Rudman & Dowd LLP[1] (currently representing Plaintiff Colby Giles in case number 09cv2146, *Giles v. Guitar Center, Inc.* et al.); and a third from Barnow & Associates, PC (currently representing

---

[1] The Court previously disclosed a connection to Girard Gibbs but now also discloses Robbins Geller's named partner Michael Dowd represented the Court's position in *In re Vasquez-Ramirez*, 443 F.3d 692 (9th Cir. 2006) and Judge Burns maintains a friendly relationship with Mr. Dowd.

Plaintiff Walter Witherspoon in case number 09cv2178, *Witherspoon v. National Association of Music Merchants, Inc.*, et al.)  The Robbins Geller application proposed a steering committee consisting of itself, Squitieri & Fearon, LLP (currently representing Plaintiff David Giambusso in case number 09cv2002, *Giambusso v. National Association of Music Merchants, Inc.*, et al.), Scott + Scott LLP (currently representing Plaintiffs Niranjan Parikh and Kate Mac Williamson in case numbers 10cv19, *Parikh v. Guitar Center, Inc.*, et al. and 10cv20, *Williamson v. Guitar Center, Inc.*, et al., respectively), and Milberg LLP (currently representing Plaintiff Jason Paradise in case number 09cv2285, *Paradise v. National Association of Music Merchants, Inc.*, et al.)  Attorney Ben Barnow applied on behalf of his firm, but also named five of his co-counsel in *Witherspoon*, and their firms, as applicants, and also sought appointment of an executive committee.  Girard Gibbs primarily sought appointment as lead counsel, but it requested in the alternative appointment to the steering committee.

After reviewing the initial applications, the Court requested supplemental information from the applicants in the form of good-faith estimates of the number of hours required to have all cases trial-ready, and the billing rate of each firm. The applicants have provided this information.

In appointing lead or liaison counsel, the Court considers a variety of factors, including:

- qualifications, functions, organization, and compensation of designated counsel;

- whether there has been full disclosure of all agreements and understandings among counsel;

- would-be designated attorneys' competence for assignments;

- whether there are clear and satisfactory guidelines for compensation and reimbursement, and whether the arrangements for coordination among counsel are fair, reasonable, and efficient;

- whether designated counsel fairly represent the various interests in the litigation—where diverse interests exist among the parties, the court may designate a committee of counsel representing different interests;

- the attorneys' resources, commitment, and qualifications to accomplish the assigned tasks; and

> • the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court—experience in similar roles in other litigation may be useful, but an attorney may have generated personal antagonisms during prior proceedings that will undermine his or her effectiveness in the present case.

Manual on Complex Litigation (4th Ed.) § 10.224. *See also id.*, § 22.62 (discussing appointment of lead counsel in multidistrict litigation and factors to be considered), § 14.211 (discussing fees and other factors courts have considered).

The appointed counsel will be primarily responsible for communicating with the Court and serving as liaison between the Court and other Plaintiffs' counsel. The appointed counsel will also function as interim lead counsel as provided under Fed. R. Civ. P. 23(g). Because the appointed counsel will serve in both these capacities, this order refers to it as lead-liaison counsel. Although the Court has not yet given directions concerning fees, appointed counsel should be aware from the outset of the need for keeping thorough and accurate billing records.

Barnow & Associates identified its average firm billing rate as $450. It did not provide a specific estimate of hours for these cases, but referenced a case it considered similar where the number of hours exceeded 100,000. Robbins Geller estimated its average billing rate at less than $400 per hour, and estimated that 50,000 attorney and paralegal hours would be required to have the cases trial-ready. Girard Gibbs estimated a somewhat higher average hourly rate of $447.50, but came in with the low estimate of 6,250 attorney and paralegal hours to have the cases trial-ready.

While the Court finds Barnow & Associates competent, it believes this firm's resources, even when supported by co-counsel, would not be adequate to assure the speedy and efficient preparation of these cases for trial if Barnow were appointed as lead-liaison counsel. While Barnow certainly has the competency to serve as lead-liaison counsel, the Court is also mindful of the possibility that heavier demands will be placed on lead-liaison counsel than are now anticipated. Robbins Geller and Girard Gibbs by contrast both have extensive resources at their disposal.

/ / /

|   |   |
|---|---|
| 1 | As between Robbins Geller and Girard Gibbs, the latter projects far leaner staffing of the cases. While a number of antitrust class actions may merit billing tens of thousands of hours, the Court does not believe the cases involved here require such extensive work. The incidents and evidence are more limited than in many other antitrust cases, and the interests of the various Plaintiffs are limited and rather closely aligned. Furthermore, Plaintiffs' task has been simplified by a Federal Trade Commission investigation. Girard Gibbs has accounted for its 6,250 hour estimate in a manner the Court finds reasonable. The Court finds the large number of hours proposed by Robbins Geller and Barnow & Associates are not warranted. |


As between Robbins Geller and Girard Gibbs, the latter projects far leaner staffing of the cases. While a number of antitrust class actions may merit billing tens of thousands of hours, the Court does not believe the cases involved here require such extensive work. The incidents and evidence are more limited than in many other antitrust cases, and the interests of the various Plaintiffs are limited and rather closely aligned. Furthermore, Plaintiffs' task has been simplified by a Federal Trade Commission investigation. Girard Gibbs has accounted for its 6,250 hour estimate in a manner the Court finds reasonable. The Court finds the large number of hours proposed by Robbins Geller and Barnow & Associates are not warranted.

The estimated number of hours is relevant to the Court's decision because it bears on the cost to Plaintiffs. Should Plaintiffs prevail, they will benefit from the lower fees. The lower estimate also corresponds to more streamlined and efficient litigation and a speedier resolution of the disputes, which serve the interest of all parties and of the public.

After considering all the relevant factors, the Court **APPOINTS** Girard Gibbs as lead-liaison counsel. Girard Gibbs is directed to confer with Plaintiffs' counsel to determine whether sharing some of its responsibilities among an executive committee would be helpful, bearing in mind work delegated to committee members will correspondingly reduce the amount of work Girard Gibbs will do. Girard Gibbs may then move for appointment of an executive committee if appropriate.

**IT IS SO ORDERED**.

DATED: June 28, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge